376 P.2d 861

**The STATE of Arizona, Appellee,**

v.

**Lester B. ZENT, Appellant.**

**No. 1252.**

Supreme Court of Arizona.

En Banc.

Dec. 19, 1962.

Calvin C. Thur, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

LOCKWOOD, Justice.

This is an appeal by Lester B. Zent from conviction of drawing checks on insufficient funds in violation of A.R.S. § 13–316. The defendant moved for a directed verdict at the close of state's evidence and the sole question herein centers on whether there was sufficient evidence presented to sustain the trial court in denying this motion.

The state's evidence shows that defendant was engaged in the business of selling house trailers under the name "Mobile Homes Exchange" and had a checking account with the Valley National Bank, Mesa, Arizona. He employed Ray Bridge, who operated a business of moving house trailers, to haul trailers for him. Bridge moved a number of trailers during a period July 3, 1961, to August 4, 1961, and was paid for the first few hauls. On August 4, 1961, accompanied by Jack Hess, one of his driv-

**336**

ers, Bridge called at defendant's place of business and requested payment of the amount still due him. Defendant gave Bridge four checks drawn on the bank account, all dated August 4, 1961, two checks being for $100, one check for $50 and one check for $175.51. Bridge testified that defendant wanted him to go after more trailers and

> "I told him I wouldn't go after any more until he paid part of the bill so that we would have some money to go on. The reason he gave me the small ones was so we could cash them in filling stations or some place before the first of the week."

Bridge then testified:

> "Well he (defendant) told us he didn't think he had quite enough money to cover them all. It would be in the bank Monday morning when the checks got there."

The checks were not paid upon presentation. Thereupon Bridge took the checks to defendant who stated he would get the money and pay them. Bridge stopped at defendant's place of business nearly every day; defendant told Bridge he was to receive funds from the company for whom he was selling trailers to cover expenses and also that he would obtain the money from an insurance policy. However, no payment on the checks was ever made and on September 5, 1961, Bridge filed a complaint which is the basis of the conviction. Jack Hess who was present during these transactions testified in substance to the same effect as Bridge.

There was evidence that the bank account was overdrawn $3.46 on August 4th and the following Monday, August 7th, was overdrawn $9.46. Thereafter until the account was closed at the request of the bank on August 23rd, there never was a plus balance. A number of other checks were returned unpaid. Defendant did not have credit at the bank.

■ The essence of the offence charged is the uttering of a check with knowledge there are no funds or credit with the bank to meet it and with intent to defraud. In State v. Daymus, 90 Ariz. 294, 367 P.2d 647 (1961) we held that the making and delivery of a check amounts to a representation that the check is good and will be paid upon presentation, and a reasonable expectation the check will be paid upon presentation is a good defense. In that case the payee took the check, the basis of the prosecution, without notice that it was subject to any infirmity.

■ The rule is that disclosure by the drawer to the payee that he does not have sufficient funds to meet the check purges

the transaction of its criminal character because under such circumstances the element of criminal intent is lacking and the transaction in its essential nature is an extension of credit to the drawer. State v. Ellis, 67 Ariz. 7, 189 P.2d 717 (1948); People v. Jacobson, 248 Mich. 639, 227 N.W. 781 (1929). The state argues that the failure of defendant to have funds on deposit upon presentation of the checks, and failure to make good upon the subsequent promises to pay them is evidence that there was a present undisclosed intent not to pay the checks as promised at the time they were drawn and that this constitutes an intent to defraud. Whether under other circumstances this may constitute actionable fraud is not pertinent to the issues herein. The offense of drawing a check against insufficient funds is statutory in character and is distinct from other crimes involving fraud and false pretenses. State v. Meeks, 30 Ariz. 436, 247 P. 1099 (1926); People v. Jacobson, supra.

Since there is no evidence to support the essential element of intent under the statute, the court erred in denying defendant's motion for a directed verdict. The conviction is reversed with instructions to enter judgment of acquittal.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.