413 P.2d 285

**STATE of Arizona, Appellee,**

v.

**Jack Nourse CLAYTOR, Appellant.**

**I CA–CR 52.**

Court of Appeals of Arizona.
April 21, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Phoenix, for appellee.

Philip J. Shea, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal from a judgment and sentence wherein the Superior Court found appellant, Jack Nourse Claytor, guilty of Drawing Check on Insufficient Funds Account with prior conviction and imposed a sentence of not less than eight nor more than ten years in the State Prison.

Appellant filed notice of appeal in propria persona and the trial court, pursuant to A.R.S. 13–161, appointed an attorney to represent him on appeal. This Court, pursuant to A.R.S. 13–1715, ordered the appeal submitted on the record for fundamental error.

Examination reveals that the Information in this case in its title sets for the charging of two counts with a prior conviction yet a reading of the body of the instrument only shows the charging of one count followed by allegations of a prior conviction. The crime specifically alleged in the Information is Drawing Check on No Account, a felony, and described therein is a check in the amount of twenty dollars. That portion of the information reads:

> "The said JACK N. CLAYTOR on or about the 9th day of September, 1964, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there, wilfully and unlawfully, with intent to defraud, make, draw, utter or deliver to HAPPINESS HOUSE, 8013 East Indian School Road, Scottsdale, Arizona, a certain check drawn on the First National Bank, Papago Plaza Branch, a banking association at Scottsdale, Arizona, and dated 9–8 1964, *for the payment of $20.00 in money; he, the said defendant knowing at the time of such making, drawing, uttering, or delivering that he did not have an account in, or credit with, the aforesaid bank,* all contrary to the provisions of Section 13–316, A.R.S., as amended, 1958." (Emphasis ours)

When arraigned on this charge, appellant, represented by appointed counsel, entered a plea of "not guilty to both counts and denies the prior" and the cause was set for trial. On the date of trial the defendant was permitted to withdraw his former plea and enter a plea of guilty. The court's minutes read:

> "The Court permitting, the defendant at this time withdraws his plea of not guilty heretofore entered, and enters a plea of guilty to Count I of the Information charging *Drawing Check on Insufficient Funds Account,* and admits the prior conviction." (Emphasis ours)

At this point it is well to note that a discrepancy appears between the court's minutes, and the reporter's transcript of the proceedings with reference to defendant's admission of the prior conviction. The transcript account of the dialogue between the court and defendant does not show that defendant admitted the prior conviction.

Defendant's counsel definitely stated he was not admitting the prior. It may be that the admission occurred at another time, however, since the two records appear to have been made at the same time, and contradictory, there is an indication that an error may have been committed. The minutes of the trial court speak for themselves and are to be taken as speaking the truth, State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965), therefore, we suggest the court in the interest of correcting the record upon reconsideration of this cause clarify this point.

We note the plea of guilty is entered to "Drawing Check on Insufficient Funds Account" and the word felony does not appear in the minutes. Designating it as a felony would not alter the situation as the allegations of the information show the amount of the check to be less than twenty-five dollars. Under A.R.S. § 13–316 as amended drawing check if less than twenty-five dollars on insufficient funds account is made a misdemeanor. The pertinent part of the statute provides:

"A. A person who, for himself or for another, wilfully with intent to defraud, makes, draws, utters or delivers to another person or persons a check or checks or draft or drafts on a bank or depositary for payment of money, knowing at the time of such making, drawing, uttering or delivery, that he or his principal does not have an account or does not have sufficient funds in, or credit with, such bank or depositary to meet the check or checks or draft or drafts in full upon presentation, shall be punished as follows:

1. If the check or draft or the total of the checks or drafts amounts to a sum of twenty-five dollars or more, he is guilty of a felony.

2. If the check or draft or the total amount of the checks or drafts amounts to a sum of less than twenty-five dollars, he is guilty of a misdemeanor."

A check drawn on "no account" regardless of its amount is made a felony by Subsection 3 of § 13–316A.

The court at the time of sentence specifically adjudged the defendant guilty of drawing check on insufficient funds account, a felony, and imposed sentence therefor. The court's minutes in this regard at the time of sentencing show:

"The defendant having heretofore entered plea of guilty to Count I of the Information, Drawing Check on Insufficient Funds Account, a felony, and admitting the prior conviction.

IT IS THE JUDGMENT of the Court that you are guilty of Count I, Drawing Check on Insufficient Funds Account, a felony, and have you anything to say or legal cause to show why sentence should not now be pronounced. There being none, and request for continuance being denied, the defendant is sentenced to serve a term of not less than 8 nor more than 10 years in the State Penitentiary at Florence, Arizona, and are hereby placed in the custody of the Sheriff of this county for transportation to the State Prison at Florence, Arizona, sentence to start as of this day, June 29, 1965."

The formal written judgment of guilt and sentence signed by the court again recited that defendant was guilty of drawing check on insufficient funds account, a felony, with prior conviction and imposed the eight to ten year sentence.

We cannot find where the offense of drawing a check, when under twenty-five dollars, on an insufficient funds account would carry an increased penalty of imprisonment in the state prison even though committed by a person admitting a prior conviction. A judgment by a court in a criminal case must conform strictly to the statute, and any variation from its provision, either in the character or the extent of punishment inflicted, renders the judgment void. 21 Am.Jur.2d Crim.Law § 535, p. 517. We can only surmise that the court treated defendant as having pled to drawing a check on no account although there was no plea to support it. It is generally understood that a plea of guilty is the same as admitting the charges as true. For this

reason, if .defendant described the offense to which he pled guilty as drawing a check on an insufficient funds account this description cannot be construed as admitting that he drew a check on "no account".

 As the record stands, defendant is charged with drawing a check on no account. He pled guilty to drawing a check on insufficient funds account. Although the crimes of drawing a check on insufficient funds and drawing a check on no account are contained in the same statutory section they still remain separate crimes, neither being an included offense of the other. Since the instant information does not allege the essential fact that there is an account with insufficient funds, defendant has pled to a crime which has not been legally alleged. The plea cannot stand.

The plea, judgment and sentence are set aside, and the cause remanded for further proceedings not inconsistent with this opinion.

STEVENS, C. J., and CAMERON, J., concur.