416 P.2d 549

**STATE of Arizona, Appellee,**

v.

**William Joseph RUSHER, Appellant.**

**No. 1649.**

Supreme Court of Arizona,
En Banc.

July 13, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice.

On November 24, 1964 a criminal complaint charging second degree rape was filed against the defendant for wilfully and feloniously having sexual intercourse with the prosecutrix, a female of the age of fourteen years, not his wife, in violation of A.R.S. §§ 13–611, subsec. B and 13–614, subsec. A. An information was subsequently filed on February 5, 1965 charging the defendant with second degree rape, a felony. The defendant, represented by court-appointed counsel, was arraigned on February 17, 1965 and entered a plea of not guilty to the charge, and trial was set for March 16, 1965. Thereafter on March 16th the state filed an amended information which omitted the words "a felony" following the charge of second degree rape, though re-

taining the word "feloniously" in the body of the information. Furthermore it corrected the citation of A.R.S. § 13–614, subsec. A (first degree rape) to A.R.S. § 13–614, subsec. B (second degree rape.) In open court on March 16, 1965 defense counsel stated that the amended information did not conform with an agreement with the County Attorney and upon request was granted a continuance to consult with the County Attorney. Thereafter, on March 17, 1965, the County Attorney filed a second amended information which omitted all reference to felony or misdemeanor. To this amended information the defendant pleaded guilty and on March 31, 1965 was sentenced to a term in the Arizona State Prison for a period of not less than one nor more than two years.

Defendant now contends on appeal that by entering a plea of guilty to the amended information he pleaded guilty solely to a misdemeanor and thus a sentence of one year would be the maximum the sentencing judge could impose.

However, we have stated that the crime of second degree rape remains a felony unless and until a court in its discretion imposes a sentence of imprisonment in the county jail not to exceed one year. Thus, for all purposes a violation of this provision is a felony up to the judgment and sentencing. State v. Vineyard, 96 Ariz. 76, 392 P.2d 30 (1964).

There is no showing in the record that the defendant or his counsel were in any way misled in that a maximum sentence of one year or less would be imposed. The defendant cites the Statement of Facts on Conviction filed April 22, 1965 which stated: "On March 17, 1965 in Division 2 of the Superior Court defendant withdrew his former plea of not guilty and entered a plea of guilty to an Amended Information charging Rape (Second Degree), a misdemeanor." However, this Statement of Facts on Conviction was prepared following the sentencing of the defendant and thus there is no possibility that this statement, erroneously stating that the

**118**

information charging defendant with a misdemeanor, could have in any way influenced the decision of the defendant to plead guilty.

Upon examination of the record we find no prejudicial error and the judgment is thereby affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.