421 P.2d 537

William F. CUZICK, Appellant,

v.

The STATE of Arizona, Appellee.

2 CA–CIV 309.

Court of Appeals of Arizona.

Dec. 16, 1966.

Rehearing Denied Jan. 11, 1967.

Review Denied Feb. 7, 1967.

William F. Cuzick, in pro. per.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellee.

HATHAWAY, Judge.

William F. Cuzick appeals from a denial of his petition for a writ of habeas corpus by the superior court in Pinal County.

The events preceding this appeal are capsulized as follows: The appellant and his brother, Jack, were jointly charged with first degree burglary on April 10, 1963, in the superior court, Maricopa County. Appellant entered a plea of guilty to first degree burglary and was sentenced to a prison term of not less than five nor more than eight years. He appealed to the Arizona Supreme Court and raised questions of excessive sentence and waiver of right to counsel which were decided against him. See State v. Cuzick, 97 Ariz. 130, 397 P.2d 629 (1964).

On May 13, 1966, after appellant's plea of guilty, a motion by the State to amend the information to second degree burglary was granted. The appellant's brother pleaded guilty to the amended charge and was sentenced to not less than four and one-half nor more than five years imprisonment. Appellant then sought relief through habeas corpus proceedings, urging he had been denied equal protection of the laws.

Where a defendant pleads guilty and is sentenced under an information charging first degree burglary and the information is subsequently amended to second degree burglary and a codefendant pleads guilty and is sentenced upon the amended information, is there a denial of equal protection of the laws?

Recently this court in Burke v. Superior Court, 3 Ariz.App. 576, 416 P.2d 997 (1966) quoted the following language from a Washington case:

"'* * * it is well settled that every person charged with a crime need not be treated exactly the same as every other person charged with the same crime.

" 'In the first place, the prosecutor may elect whether or not to prosecute. * * *'" 3 Ariz.App. 579, 416 P.2d 1000.

■ There is no requirement that the court impose identical sentences upon co-defendants. State v. Massey, 2 Ariz.App. 551, 410 P.2d 669 (1966). Nor is it necessary that all persons concerned with the commission of a crime be convicted or else all will be acquitted. Faber v. State, 62 Ariz. 16, 152 P.2d 671 (1944).

■ Appellant admitted the truth of the charges by his guilty plea, State v. Claytor, 3 Ariz.App. 226, 413 P.2d 285 (1966); and he waived non-jurisdictional defenses. State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964). His guilty plea has the same effect as if he had been tried before a jury and had been found guilty. State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964); State v. Alford, 98 Ariz. 249, 403 P.2d 806 (1965).

■ The appellant could not complain (1) if the prosecutor failed to prosecute his brother, or (2) if a jury convicted him and acquitted his brother, or (3) if identical sentences were not imposed on both. Therefore, he cannot successfully urge denial of equal protection of the laws in his present situation.

In State v. Rusher, 101 Ariz. 116, 416 P.2d 549 (1966) the defendant contended that by pleading guilty to an amended information he pleaded guilty to a misdemeanor and thus a one year sentence would be the maximum sentence. The amended information omitted all reference to felony or misdemeanor. Defendant there attempted to rely on the Statement of Facts on Conviction which said the plea of guilty was to an amended information charging second degree rape, a misdemeanor. The court said:

"However, this Statement of Facts on Conviction was prepared following the sentencing of the defendant and thus there is no possibility that this statement, erroneously stating that the information charging defendant with a mis-

demeanor, could have in any way influenced the decision of the defendant to plead guilty."

Here, there is no possibility that the amendment of the information to second degree burglary in 1966 influenced appellant's decision to plead guilty in 1963.

For the reasons given, we believe the lower court correctly denied the writ.

Judgment affirmed.

KRUCKER, C. J., and MOLLOY, J., concur.