430 P.2d 901

The STATE of Utah, Plaintiff and Respondent,

v.

Virgil S. REDMOND, Defendant and Appellant.

No. 10610.

Supreme Court of Utah.

Aug. 15, 1967.

---

———◆———

Ronald C. Barker, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

Evidence was given to the jury by one Stoker that Redmond, Delyle and Stoker decided to make some fast money. They caused an account to be opened in a local bank in the name of Prudential Federal Adjusters, claiming to be an unincorporated business enterprise owned by C. Coon. Stoker signed the name C. Coon, a fictitious person, and there was no business known as Prudential Federal Adjusters.

On April 6, 1964, they deposited cash in the bank in the amount of fifty dollars in the account.

They had a block of five hundred blank checks printed under the heading "Prudential Federal Adjusters," with a fictitious downtown office address. Pursuant to agreement between the three, Stoker filled out all of the checks making them payable to C. J. McCall, a fictitious person. The checks were in varying amounts, but the total aggregated some $160,000.00.

They secured an expired driver's license in the name of Clarence J. McCall and altered it so as to give a valid appearance, and then Redmond and Delyle over a weekend bought groceries and paid therefor with these worthless checks, receiving a large part of each check in cash.

Delyle and Redmond were jointly charged with issuing one of the fictitious checks and were convicted by a jury. Stoker has not been charged in connection with any of the checks, and he appeared and testified at the trial against the defendants herein. Redmond appeals from his conviction and sentence passed pursuant thereto and assigns as error certain rulings of the court.

Prior to the preliminary hearing Redmond demanded that the prosecution deliver to him all of the fictitious checks which had been passed, claiming that if he could

get possession thereof, he could show by a handwriting expert that he did not write or endorse any of the many checks and, therefore, somebody else must have passed the particular check in question, since it would be in the same handwriting with the others. His demand was refused, and this court affirmed in Redmond v. City Court of Salt Lake, 17 Utah 2d 95, 404 P.2d 964.

Prior to the trial he renewed his demand by requesting a bill of particulars, which demand was denied. He again claims the State suppressed evidence which if made available to him would have enabled him to present a defense showing he is innocent of the charge against him.

There is no merit to this contention, for he is charged with *issuing* the check, not *making* or *endorsing* it. One who attempts to pass a fictitious check or who has it in his possession with intent to pass it, knowing that it is fictitious, is guilty of the crime with which defendant is charged. Section 76–26–7, U.C.A. 1953.

Redmond was identified as the one who passed the check described in the Information, and he had access to that check and could have shown by his handwriting expert that the endorsement on the back and the writing on the face thereof were not his, had it been material. The State, however, never claimed he wrote anything on the check and offered no evidence to the effect that he did so.

It would be no defense to Redmond that Delyle or someone else passed other checks if he himself passed the one in question.

While the identification of this defendant was positive at the trial, much time was taken at cross-examining the cashier who took the check in question from him because at the preliminary hearing she had shown some confusion and pointed out the wrong man when asked to identify the one who had passed the check. The explanation was given that Redmond had a brother who looked very much like him, and in the morning the cashier saw the defendant and recognized him. She was excluded from the courtroom while other witnesses testified, and by the time she was called as a witness, Redmond and his brother had, pursuant to orders of defense counsel, changed clothing with each other; and when the witness was asked to point out the one who had passed the check, she at first pointed to the brother in the clothing of the defendant. The jury apparently believed her when she said that the defendant passed the check in question, and any apparent confusion at the preliminary hearing seems to have been the result more of a trick on the part of the defendant than a doubt in the witness's mind.

Redmond also claims error on the part of the trial court in permitting witnesses to testify regarding another check wherein Redmond was positively identified as the one passing the same. In both cases the

same fraudulent driver's license was presented to the cashier by way of identification.

The claim is made that when the court refused to make all checks available to the defendant, so a handwriting expert could examine them, none of the checks could thereafter be used in evidence against the defendant.

■■ There is no valid reason to deny the admission of evidence for one purpose just because it has been denied admission for a different reason. Here the other check was not offered to show that Redmond's handwriting was on it or that he had a propensity to commit crimes. It was offered simply for the purpose of showing the identity of the person who was passing the other check and using the same false driver's license to be the same as the one who passed the check involved under this charge. The court carefully instructed the jury in that regard. Under such circumstances it is permissible to show other crimes when those other crimes tend to identify the person committing the crime in question. See State v. Wellard, 3 Utah 2d 129, 279 P.2d 914, and cases cited in footnotes 2 and 3 on page 130 of the Utah Reports, on page 914 of 279 P.2d.

■ The defendant Redmond also claims that the court erred in permitting the check in question to be received in evidence because it is signed "Cal J. Coon" while the

Information charges that it was "Carl J. Coon." The check was received in evidence at the preliminary hearing, and defendant was not misled thereby. He was charged with issuing that particular check and had the same right to see that it was "Cal" and not "Carl" as did the prosecuting attorney. The original complaint is not before the court, and so we do not know how the charge was there made. However, the rule of idem sonans applies here, and there is no merit to this claim.

The defendant Redmond also claims error by the trial court in that the Information originally charged the defendant with uttering a fictitious check purporting to be an instrument in writing for the payment of money of C. J. McCALL and that after he had entered a plea of not guilty thereto, the court permitted the district attorney to amend by striking the name of C. J. McCALL and inserting therein the name of CARL J. COON.

■ The defendant was present with counsel when the amendment was permitted, and he made no objection thereto, and by proceeding to trial on the Information as amended he has no ground to complain here. It is to be noted that the Information had erroneously listed the purported payee instead of the purported maker of the check, and the amendment was one intended to correct an obvious error. The defendant claims that he never had a pre-

liminary hearing on the charge as contained in the amended Information. Here again he did not bring the original complaint before us, and for all we know the complaint correctly stated the name of Cal J. Coon, the name contained on the check in question. The error in the original Information so far as we are able to say was that of the district attorney, and the fact that no objection was made at the time leads one to believe such to be the fact. Section 77–17–3, U.C.A.1953, provides that an Information may be amended in any matter of form or substance by leave of court at any time after the defendant has pleaded to the merits or during the trial. That section further provides that such amendment shall not cause any delay of the trial except for good cause made to appear to the satisfaction of the court, and unless the defendant shall cause any reason he may have why the trial should not forthwith proceed to be presented to the trial court, he shall not be permitted to review the ruling of the court on the amendment in the Supreme Court. We, therefore, hold that this claimed error is without merit.

The last claim of error is that the State called witnesses not listed on the Information. Section 77–17–4, U.C.A.1953, is as follows:

An information must recite the fact of the commitment or binding over of the defendant by a magistrate, and the names of the witnesses testifying for the state on such examination must be indorsed thereon.

Section 77–21–52, U.C.A.1953, is as follows:

When an information or indictment is filed, the names of all the witnesses or deponents on whose evidence the information or indictment was based shall be indorsed thereon before it is presented, and the prosecuting attorney shall indorse on the information or indictment at such time as the court may by rule or otherwise prescribe the names of such other witnesses as he purposes to call. *A failure to so indorse the said names shall not affect the validity or sufficiency of the information or indictment,* but the court in which the information or indictment was filed shall, upon application of the defendant, direct the names of such witnesses to be indorsed. No continuance shall be allowed because of the failure to indorse any of the said names unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice. (Emphasis added)

██ Courts have consistently held that the endorsement of additional names of witnesses on the Information even during trial rests in the sound discretion of the trial court, and material prejudice must be shown before it constitutes reversible error.

**278**

See State v. Wainwright, 190 Kan. 619, 376 P.2d 829. We see nothing in the record wherein the defendant requested the court to require any additional names to be placed upon the Information, nor was there any complaint made that the district attorney did not endorse on the Information the names of the witnesses who had testified at the preliminary hearing.

The judgment of the District Court is affirmed.

CROCKETT, C. J., and TUCKETT, CALLISTER and HENRIOD, JJ., concur.