503 P.2d 1208

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Andrew George KISH, a/k/a William Walter Snyder, Defendant and Appellant.**

**No. 13004.**

Supreme Court of Utah.

Nov. 27, 1972.

Pickett, Scarth, Wright & Fisher, J. MacArthur Wright, St. George, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendant below appeals from a jury conviction of assault with intent to commit robbery. The evidence is sufficient to sustain the verdict; however, he

claims that errors were committed by the trial court in the following particulars:

1. Defendant was given a more severe penalty because he demanded a jury trial.

2. The court failed to exclude for all purposes a statement made by defendant.

3. The court failed to appoint separate counsel for defendant.

4. The prosecutor failed to endorse upon the information the names of witnesses other than those testifying at the preliminary hearing.

■ The defendant and two others robbed Dr. Stock, but for reasons best known to the prosecuting authorities were charged with an assault with intent to commit robbery. One of the three was a juvenile and was not charged in the information. One counsel represented both the appellant and his co-defendant. The prosecutor offered to permit the defendants to plead to a lesser charge if they cared to do so. The co-defendant accepted the offer. The appellant rejected it and elected to stand trial. When he was convicted, he received the sentence provided by law for the crime for which he was convicted. He did not receive a more severe penalty because he elected to exercise his constitutional right to have a jury trial as he claims. He received the penalty provided by law. His co-defendant got a lessor penalty because he elected to accept the offer of the prosecutor. The appellant could have had the same penalty had he chosen to accept the offer which was made to him.

Even if the offer had been made only to the co-defendant, this appellant would not be heard to complain. The law is correctly stated in Cuzick v. State, 4 Ariz.App. 455, 421 P.2d 537, 538, (1966), as follows:

The appellant could not complain (1) if the prosecutor failed to prosecute his brother, or (2) if a jury convicted him and acquitted his brother, or (3) if identical sentences were not imposed on both.

· · ·

■ The trial date was set for a Monday, and on the preceding Friday the court heard a motion to suppress a paper which was partly printed, but the part relating to the commission of the crime was voluntarily written by the appellant. The court quashed the paper because it was not shown that the printed part was read to the appellant before he signed the paper. However, the court informed the appellant and his counsel that under certain circumstances if the defendant testified, the paper might be used to impeach any testimony contrary to what had been written.

The court correctly informed the appellant of the law, and the defendant ought

not complain because he was forewarned. In Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the same question was before the Supreme Court of the United States and was answered as follows:

> The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.

The appellant demanded separate counsel. The court granted separate trials to the appellant and his co-defendant and then denied the request for separate counsel. The appellant said his main problem was that he wanted a jury trial. When informed that he would be tried by a jury, he stated that he was satisfied with his counsel.

On the day of trial the district attorney indicated that he might call the co-defendant as a witness, whereupon counsel for appellant demanded to be released on the grounds that there would be a conflict of interest. He never gave the judge a valid reason for claiming a conflict, but he did announce that if the co-defendant were to be called to testify, he would move for a mistrial. The court denied the request, and the trial of the case proceeded. Inasmuch as the co-defendant was never called as a witness, the trial judge did not get an opportunity to rule on a motion for a mistrial. He was consequently left in the dark as to why such a great furor was made about calling the erstwhile client to testify.

Appellant's counsel also says it was error to permit the district attorney to add the names of witnesses to the information just prior to trial. Section 77–21–52 U.C.A. 1953, provides:

> When an information or indictment is filed, the names of all the witnesses or deponents on whose evidence the information or indictment was based shall be indorsed thereon before it is presented, and the prosecuting attorney shall indorse on the information or indictment at such time as the court may by rule or otherwise prescribe the names of such other witnesses as he proposes to call. A failure to so indorse the said names shall not affect the validity or sufficiency of the information or indictment, but the court in which the information or indictment was filed shall, upon application of the defendant, direct the names of such witnesses to be indorsed. No continuance shall be allowed because of the failure to indorse any of the said names unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice.

**434**

This section clearly provides that if the prosecutor proposes to call witnesses other than those who testified at the preliminary hearing and fails to place their names on the information, the court shall direct him to do so upon application of the defendant. Besides the lack of error in the delay in writing the additional names on the information, the prosecutor had furnished a bill of particulars to counsel for the appellant, wherein he stated that he would call George Perry Lang as a witness.

■ During the trial the prosecutor called the chief of police as a witness for the purpose of laying a foundation for introducing certain exhibits in evidence; and since the chief had access to the locker where those exhibits were kept, the prosecutor thought it proper to show that the witness had not tampered with those exhibits while awaiting trial. The name of this witness had not been placed upon the information nor given in the bill of particulars.

We are unable to see how any prejudice resulted from permitting the witness to tell the jury that he had not tampered with the evidence, or in the failure of the prosecutor to place his name on the information before trial started.

We find no error and, therefore, affirm the judgment of the trial court.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.