504 P.2d 1015

STATE of Utah, Plaintiff and Appellant,

v.

Darnell L. GARCIA, Defendant and Respondent.

No. 12994.

Supreme Court of Utah.

Dec. 22, 1972.

41. Sec. 54–8–26.

burglary in the second degree in the city court of Ogden City. The defendant was bound over and held to answer the charge in the district court where he was thereafter tried and found guilty. The codefendant Houle, at the election of the prosecutor, was permitted to plead guilty to the crime of a trespass, a misdemeanor, and he was sentenced to serve a few days in jail. At the time the defendant here was brought before the court for pronouncement of judgment the court arrested judgment and discharged the defendant. It would appear that the court was of the opinion that the defendant and the codefendant were similarly situated and that the prosecutor, by electing to proceed against the defendant as a felon and in treating the codefendant as a misdemeanant, denied the defendant equal protection of the laws.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Atty. Gen., Salt Lake City, for plaintiff-appellant.

Robert Wallace, Ogden, for defendant-respondent.

TUCKETT, Justice.

This is an appeal by the State from an order of the district court arresting judgment and discharging the defendant.

The defendant and one Randall Robert Houle were charged with the crime of

It is not a function of the courts to review the exercise of executive discretion, and we cannot say that it was error for the prosecutor to treat the defendants in a different manner, and we cannot review the prosecutor's decision to proceed against one defendant under an information charging him with a felony and reducing the charge against the codefendant to a misdemeanor.[1] However, the trial court in a criminal prosecution is granted wide discretion in dealing with the defendant after he is convicted, and the statutes grant

1. Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479.

to the trial court wide powers in dealing with a defendant other than pronouncing the sentence provided by law.[2] The court may in its discretion place a defendant on probation on whatever conditions it deems proper.

 The action of the court below in arresting judgment was within the court's discretion, and there being no showing of an abuse of that discretion the court's action is not reviewable here. While the State requests this court to reverse the judgment of the court below and reinstate the judgment of guilty in this case, we are of the opinion that the matter is now moot and it is beyond the power of this court to direct that the case proceed further.[3]

The decision of the court below is affirmed.

CALLISTER, C. J., and HENRIOD, and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting):

I dissent. Defendant was convicted of the crime of burglary in the second degree. There is no contention made that he was innocent or that there was any error in the trial of his case. The only reason the court gave for arresting judgment and setting the defendant free was that the court had accepted a plea of guilty from the co-defendant to a lesser charge.

If there is any miscarriage of justice, it would seem to be on the part of the court in accepting a plea from the co-defendant and thus allowing a burglar to escape his just desserts—not in the conviction of the defendant.

The case of Cuzick v. State, 4 Ariz.App. 455, 421 P.2d 537, 538 (1966), is in point. There, two brothers were equally guilty. The appellant in that case entered a plea of guilty to the crime charged. Thereafter his brother was permitted to plead to a lesser, included offense. The defendant then sought this freedom by way of a writ of habeas corpus claiming that he had been denied equal protection of law. In affirming a denial of the writ by the trial court, the appellate court said:

The appellant could not complain (1) if the prosecutor failed to prosecute his brother, or (2) if a jury convicted him and acquitted his brother, or (3) if identical sentences were not imposed on both. Therefore, he cannot successfully urge denial of equal protection of the laws in his present situation.

Section 77–31–7, U.C.A.1953, permits the court to discharge one of two equally guilty parties in order that he may be a witness for the state, and it has never been held that this would cause a denial of equal protection of the law. Section 77–31–8, U.C.A.1953, also permits one to be discharged in order to testify for a co-defendant under certain circumstances, and when

---

2. Sec. 77–35–17 U.C.A.1953.

3. State v. Johnson, 100 Utah 316, 114 P.2d 1034.

the statute is followed, the discharge is a bar to further prosecution for the offense.

It thus would appear that a discharge of a defendant from a felony charge prior to the beginning of trial would not be a discharge to another charge unless it is by the court in order to allow the discharged defendant to testify.

In this case there was no discharge pursuant to the statute; and if the trial court felt that it was error to convict the one and not the other, it seems to me that he should order a prosecution of the other instead of discharging the one.

I would reverse the order of the trial court arresting judgment and direct the court to proceed with the case.