STATE of Utah, Plaintiff and Respondent,

v.

Gil THOMAS, Defendant and Appellant.

No. 14416.

Supreme Court of Utah.

Aug. 23, 1976.

David Paul White, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from his conviction, by the court, for the crime of distributing a controlled substance, viz., cocaine. We affirm.

Defendant contends the trial court committed prejudicial error by admitting the testimony of two witnesses at the trial, who were neither named on the information, nor called during the preliminary hearing. The one witness was a toxicologist, who testified as to the contents of a package which an undercover agent purchased from defendant. The other witness was a female employee of the police department, who testified she conducted a search of the undercover agent, a female, prior and subsequent to the purchase of the cocaine.

Defendant claims the testimony of these two witnesses created substantial prejudice in that they created an element of surprise, and defense counsel did not have the opportunity to prepare to examine them.

Section 77–21–52, U.C.A.1953, provides:

When an information or indictment is filed, the names of all the witnesses or deponents on whose evidence the information or indictment was based shall be indorsed thereon before it is presented, and the prosecuting attorney shall indorse on the information or indictment at such time as the court may by rule or otherwise prescribe the names of such other witnesses as he purposes to call. A failure to so indorse the said names shall not affect the validity or sufficiency of the information or indictment, but the court in which the information or indictment was filed shall, upon application of the defendant, direct the names of such witnesses to be indorsed. No continuance shall be allowed because of the failure to indorse any of the said names unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice.

Defendant never availed himself of the opportunity to make application to the court for an order directing the names of the witnesses be indorsed on the information.[1] Furthermore, this court has held that the indorsement of additional names of witnesses on the information may be made even during the trial, although in such an instance the matter rests within the sound discretion of the trial court, and material prejudice must be shown before it constitutes reversible error.[2]

In this matter, defendant objected to the two witnesses testifying on the ground that

---

1. *State v. Kish*, 28 Utah 2d 430, 503 P.2d 1208 (1972).

2. *State v. Redmond*, 19 Utah 2d 272, 430 P.2d 901 (1967).

their names had never been indorsed on the information; he has never sought a direction from the court as so provided in the statute.

The statute provides that if the application were made at the earliest opportunity, the proper procedure is for the trial court to grant a continuance, if such be necessary in the interest of justice. The alleged prejudice urged by defendant is not sustained by the record.

■ Defendant further contends the trial court committed prejudicial error by permitting three witnesses to use the same chart after the exclusionary rule had been invoked.

The witnesses each placed upon the chart the significant landmarks in relationship to their testimony. In fact, the use of this diagram gave defense counsel an excellent opportunity to show the discrepancies in the testimony of the witnesses. The record clearly negates the argument that the use of the diagram circumvented the exclusionary rule by having an influential and suggestive effect upon subsequent witnesses. Finally, as stated in *People v. Ketchel*,[3] the sole authority cited by defendant to sustain his argument:

> . . . violation of the order of exclusion of witnesses through any such purported improper use of the diagram would not affect the credibility of the witness, nor the competency of the witness or the admissibility of the witness' testimony. [Citations]

■ An additional contention claims the State did not prove its case beyond a reasonable doubt as to defendant's guilt. The undercover agent who purchased the narcotics from defendant, was a former heroin addict and was taking methadone at the time of the transaction. In essense, defendant argues that under these circumstances, the agent's credibility was of such a dubious nature that it was insufficient to overcome defendant's claim that he was framed.

Defendant's counsel skillfully adduced evidence to support his theory, viz., the agent had motivation and opportunity to frame defendant. All facts were presented to the court. It is exclusively the prerogative of the trier of fact to weigh the evidence and draw reasonable inferences therefrom. The record is replete with evidence, which, if believed, sustains defendant's guilt beyond a reasonable doubt.

HENRIOD, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.

---

3.  59 Cal.2d 503, 30 Cal.Rptr. 538, 381 P.2d 394, 407 (1963).