568 P.2d 428
The STATE of Arizona, Appellee,

v.

Jeweldian MURPHY, Appellant.

No. 2 CA–CR 964.

Court of Appeals of Arizona, Division 2.

May 17, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by David Damron, Asst. Public Defender, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury of four counts of drawing a check on insufficient funds in violation of A.R.S. § 13–316. On counts 1, 2 and 3, she was ordered to make restitution and was sentenced to 3 years' probation. Count 4 was designated a misdemeanor and she was sentenced to serve 12 weekends in the county jail. The sole point raised on appeal is whether the trial court erred in refusing to grant her motion for judgment of acquittal. We think the trial court acted correctly and affirm.

Originally, appellant had been charged with four counts of drawing checks on no account, but at the inception of the grand jury hearing, the county attorney amended the grand jury's calendar to read "drawing checks on insufficient funds." Appellant's entire argument is that the evidence at trial showed that she wrote the four checks without an account at the banks in question and since there was a variance between the proof and the indictment, her motions for a judgment of acquittal pursuant to Rule 20 should have been granted. She relies on *State v. Claytor*, 3 Ariz.App. 226, 413 P.2d 285 (1966), and in particular the following language:

"As the record stands, defendant is charged with drawing a check on no account. He pled guilty to drawing a check on insufficient funds account. Although the crimes of drawing a check on insufficient funds and drawing a check on no account are contained in the same statutory section they still remain separate crimes, *neither being an included offense of the other.* Since the instant information does not allege the essential fact that there is an account with insufficient funds, defendant has pled to a crime which has not been legally alleged. The plea cannot stand." 3 Ariz.App. at 229, 413 P.2d at 288. (Emphasis added)

In *Claytor*, the defendant was originally charged with drawing checks in the sum of $20 on no account. He pled guilty to drawing a check on an insufficient funds account but was sentenced under the more severe penalty provision of the statute pertaining to no account violations to a term of not less than 8 nor more than 10 years in the Arizona State Prison. Under A.R.S. § 13–316, as amended, the defendant's conviction of drawing a $20 check on insufficient funds carried a maximum penalty of one year in the Arizona State Prison under § 13–316(A)(2). The emphasized language quoted is dictum. Although the two crimes are included in the same statute, they have one difference, that is whether or not an account was opened. A charge of insufficient funds does not necessarily imply not having an account. Where an account has been closed, as here, and no credit arrangements have been made, it necessarily follows that there are insufficient funds to cover the checks.

In *State v. Zent*, 92 Ariz. 334, 376 P.2d 861 (1962), our Supreme Court said that the essence of the offense charged, drawing checks on insufficient funds, is the uttering of a check with knowledge that there are no funds or credit with the bank to meet it and with intent to defraud. In the instant case, it was established that appellant did not have a line of credit with the bank and that the bank had notified her that the account had been closed prior to the checks being drawn. We find the evidence sufficient to prove appellant wrote checks knowing she did not have sufficient funds to cover them. We have reviewed the entire record as is

our duty under A.R.S. § 13–1715 and have found no fundamental error.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.