2003 UT App 214

**STATE of Utah, Plaintiff and Appellee,**

v.

**Rodolfo SOTOLONGO, Defendant and Appellant.**

**No. 20020528–CA.**

Court of Appeals of Utah.

June 26, 2003.

John K. West and Kent R. Hart, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., Kenneth A. Bronston, Asst. Atty. Gen., and Jeffrey T. Colemere, Smart, Schofield, Shorter & Lunceford, Salt Lake City, for Appellee.

Before JACKSON, P.J., DAVIS, and THORNE. JJ.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Rodolfo Sotolongo appeals from a zero- to five-year prison sentence imposed following his guilty plea to third degree felony aggravated assault. *See* Utah Code Ann. § 76-5-103(3) (1999). We affirm.

¶ 2 Defendant argues the sentencing judge exceeded his discretion by sentencing Defendant to prison [1] where another judge imposed a jail sentence and probation [2] upon Defendant's "more culpable" codefendant who pleaded guilty to a greater offense, second degree felony aggravated assault. *See id.* § 76-5-103(2).

¶ 3 The sentencing judge "has broad discretion in imposing [a] sentence within the statutory scope provided by the legislature." *State v. Rhodes,* 818 P.2d 1048, 1051 (Utah Ct.App.1991). We will not overturn a sentence unless it exceeds statutory or constitutional limits, the judge failed to consider "all

---

1. "Defendant lodged no objection to the imposition ... of ... restitution.... He thus waived the right ... to challenge the order" that he pay restitution. *State v. Snyder,* 747 P.2d 417, 421 (Utah 1987).

2. The codefendant received a prison sentence of one to fifteen years. The prison sentence was suspended and the codefendant was sentenced to a year in jail with credit for time served, was placed on probation, and was ordered to perform one hundred hours of community service.

the legally relevant factors," *State v. Schweitzer*, 943 P.2d 649, 651 (Utah Ct.App. 1997), or "the actions of the judge were so inherently unfair as to constitute abuse of discretion." *Rhodes*, 818 P.2d at 1051 (emphasis omitted).

¶ 4 Defendant concedes his sentence was within statutory and constitutional limits.[3] However, he in essence argues that the codefendant's lesser sentence and greater culpability were legally relevant mitigating factors and that the sentencing judge exceeded his discretion by failing to consider the same.

¶ 5 Utah Code Ann. § 77–18–1(7) (Supp. 2002) provides that "[a]t the time of sentence, the court shall receive any testimony, evidence, or information the defendant ... desires to present concerning the appropriate sentence." Information concerning the appropriate sentence should relate to factors courts may consider in making sentencing determinations, including "rehabilitation," "deterrence, punishment, restitution, and incapacitation." *Rhodes*, 818 P.2d at 1051.

¶ 6 The Utah Supreme Court has recognized in dicta that a defendant may not "complain" solely on the basis that an " 'identical sentence[ ]' " was not imposed on a codefendant. *State v. Kish*, 28 Utah 2d 430, 503 P.2d 1208, 1209 (Utah 1972) (quoting *Cuzick v. State*, 4 Ariz.App. 455, 421 P.2d 537, 538 (1966)). Further, the court has held that Utah Code Ann. § 76–1–104 (1999)[4] does not require "comparative review" of "other criminals and their crimes." *State v. Gardner*, 789 P.2d 273, 287 (Utah 1989).

■ ¶ 7 However, the Utah Sentence and Release Guidelines include as a mitigating circumstance that the defendant "was [a] less active participant in the crime." Utah Sentence and Release Guidelines app. D, form 4. The Utah Supreme Court has also recognized that a trial court has the discretion to arrest judgment imposed on a defendant where a "similarly situated" codefendant pleads to a lesser crime. *State v. Garcia*, 29 Utah 2d 52, 504 P.2d 1015, 1015–16 (Utah 1972).

■■ ¶ 8 In the present case, evidence in regard to the relevant factors was presented "through defendant's testimony[,] his counsel's arguments[,] [a] letter[ ] from ... [the victim][,] ... the Pre-sentence Investigation Report[,]" and the Diagnostic Evaluation. *Schweitzer*, 943 P.2d at 652. The record shows the sentencing judge did not fail to consider any relevant information offered by Defendant concerning an appropriate sentence. The judge listened to defense counsel's arguments regarding Defendant's participation in the crime and the codefendant's sentence.[5] Further, the judge stated he had read the "evaluation." The Diagnostic Evaluation and the Presentence Investigation Report indicate Defendant's lesser role in the crime as a mitigating factor. That the judge stated that he did not "know why the codefendant received the sentence that he did" does not establish that the judge did not

---

3.  The State relies upon cases in which the Utah Supreme Court held that neither the Utah nor the United States Constitution requires comparative or case-by-case proportionality review with respect to imposition of the death penalty. *See, e.g., State v. Lafferty*, 2001 UT 19, ¶ 115, 20 P.3d 342; *State v. Archuleta*, 850 P.2d 1232, 1249 (Utah 1993); *see also Herman v. State*, 821 P.2d 457, 458 (Utah 1991) (per curiam) (concluding proof that defendants "were tried, convicted, and sentenced while others who were convicted of the same crime went unpunished does not show a violation of [defendants'] rights to equal protection of the law").

    However, in this case Defendant does not claim that any constitutional provision entitles him to comparative proportionality review. Further, the Utah Supreme Court "review[s the imposition of the death penalty] generally to prevent disproportionality," including reviewing whether the penalty "was proportionate to [the]

defendant's level of culpability." *Lafferty*, 2001 UT 19 at ¶ 115, 20 P.3d 342.

4.  In relevant part, Utah Code Ann. § 76–1–104 (1999) provides:

    The provisions of [the Utah Criminal Code] shall be construed in accordance with these general purposes:
    . . . .
    (3) Prescribe penalties which are proportionate to the seriousness of offenses and which permit recognition or differences in rehabilitation possibilities among individual offenders.

5.  In fact, after defense counsel made his argument, he asked to approach the bench, apparently to give the judge something. The judge stated, "I'll take your word for it but I'll be happy to look at it."

consider Defendant's participation in the crime or the codefendant's sentence. Rather, the statement suggests that the judge "could not fully evaluate whether [Defendant and the codefendant] were similarly situated offenders" with respect to their suitability for probation. *United States v. Blackwell,* 127 F.3d 947, 953 (10th Cir.1997).[6]

¶ 9 We also disagree with Defendant's assertion that his prison sentence is "inherently unfair" because his more culpable codefendant pleaded to a greater offense but received probation. "The sentencing philosophy of the criminal law is that the punishment should not only fit the crime but the defendant as well." *State v. Lipsky,* 608 P.2d 1241, 1248 (Utah 1980). "[M]any different ingredients factor into the sentencing process, and ... the discretionary imposition of probation rests in many cases upon subtleties not apparent on the face of a cold record[.]" *Rhodes,* 818 P.2d at 1051.

¶ 10 Defendant does not argue that denying him probation independent of his codefendant's sentence is "inherently unfair." The record indicates that Defendant was more than just an accomplice to a serious offense. Defendant wore rubber gloves, gave the codefendant a belt, and held the victim down while the codefendant strangled the victim to the point of unconsciousness. Defendant also threatened to kill the victim

and did not summon authorities. The record further indicates that Defendant was unwilling to take responsibility for his behavior, minimized the injuries. the victim suffered, continued to engage in criminal activity, and "demonstrated little willingness to benefit from treatment." The record establishes the sentencing judge's decision to deny Defendant probation was not "inherently unfair."

¶ 11 It was not clear to the trial court, nor is it clear from the record before this court, why the codefendant received probation and jail time. It could be that "[t]he problem here is not that [Defendant's] sentence should be reduced but, rather, that the [State] should have appealed [the codefendant's] sentence because it was too lenient." *State v. Morrow,* 220 Neb. 247, 369 N.W.2d 89, 92 (1985) (per curiam).

¶ 12 Accordingly, we affirm Defendant's sentence.

¶ 13 WE CONCUR: NORMAN H. JACKSON, Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

6. Defendant argues the sentencing judge exceeded his discretion because he did not explain the sentence disparity on the record. "Neither our case law nor our statutes require a [sentencing judge] to make specific findings of fact in a sentencing order." *State v. Helms,* 2002 UT 12,- ¶ 12, 40 P.3d 626. Further, "we will not assume that the [sentencing judge's] silence, by itself, presupposes that the [judge] did not consider ... proper factors." *Id.* at ¶ 11. The present case is unlike *State v. Strunk,* 846 P.2d 1297 (Utah 1993), where the findings expressly established that the trial court did not consider a mitigating factor. *See id.* at 1300. Here, "the brevity of the sentencing order does not make the order and the facts surrounding the order so ambiguous that it would be unreasonable for us to conclude that the [sentencing judge] ... considered [proper] factors." *Helms,* 2002 UT 12 at ¶ 12, 40 P.3d 626.