**2013 UT App 263**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
MARKUS J. GOODLUCK,
Defendant and Appellant.

Per Curiam Decision
No. 20121034-CA
Filed November 7, 2013

Fourth District Court, Provo Department
The Honorable Fred D. Howard
No. 111400840

Margaret P. Lindsay and Douglas J. Thompson,
Attorneys for Appellant
John E. Swallow and Deborah L. Bulkeley,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS,
and CAROLYN B. MCHUGH.

PER CURIAM:

¶1     Markus Goodluck appeals his sentence on a conviction of aggravated assault, a third degree felony. We affirm.

¶2     "The sentencing decision of a trial court is reviewed for abuse of discretion." *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. A court abuses its discretion in sentencing "when it fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *See id*. ¶ 28 (citation and internal quotation marks omitted). On appeal, a defendant has the burden to show that the district court did not properly consider all of the factors in

Utah Code section 76-3-401(4). *See id*. ¶ 28. Alternatively, a defendant may demonstrate an abuse of discretion if he or she can show "that no reasonable [person] would take the view adopted by the trial court." *Id*. (alteration in original) (citation and internal quotation marks omitted).

¶3     The district court stated that it had carefully considered the information provided at sentencing. The facts that Goodluck absconded for ten months prior to sentencing and did not appear to understand that he had done anything wrong by doing so were appropriate considerations for the district court in reaching its sentencing decision. In addition, the district court noted that although the revised presentence investigation report (PSI) continued to recommend probation with a thirty-day upward adjustment to the jail time, the PSI also predicted that Goodluck was likely to abscond to New Mexico as soon as he was released and stated that he did not appear to comprehend what would be required of him on probation. The district court stated that it found the content of the PSI inconsistent with its recommendation of probation.

¶4     The sentence imposed in this case is within the statutory term prescribed for a third degree felony. Goodluck has not demonstrated that the district court failed to consider all legally relevant factors at sentencing or that the sentence was clearly excessive under the facts of the case. Alternatively, Goodluck has not demonstrated that no reasonable person would take the view adopted by the district court in sentencing that Goodluck was not amenable to probation and should be sentenced to a prison term. The district court did not abuse its discretion in sentencing. Accordingly, we affirm.

———————