**2015 UT App 48**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
GLENN VAUGHN MONROE,
Defendant and Appellant.

Memorandum Decision
No. 20130918-CA
Filed February 26, 2015

Second District Court, Farmington Department
The Honorable Glen R. Dawson
No. 131700737

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Deborah L. Bulkeley, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS and MICHELE M. CHRISTIANSEN
concurred.

ORME, Judge:

¶1    Defendant Glenn Vaughn Monroe pled guilty to forcible sexual abuse and burglary, both second degree felonies. *See* Utah Code Ann. §§ 76-5-404, 76-6-202 (LexisNexis 2012). Defendant now appeals his sentence. His challenge is brought in somewhat different terms, but in essence we are asked to consider (1) whether the district court erred in failing to resolve Defendant's objections to his presentence investigation report (PSI) on the record, as required by statute; (2) whether the failure to resolve those objections led the district court to impose a flawed sentence; and (3) whether Defendant's sentence should

be set aside and the matter remanded for resolution of the objections and for resentencing.[1]

¶2     We agree that Defendant's objections to the PSI were not adequately resolved on the record, but we conclude that the district court properly considered the thrust of the objections before it sentenced Defendant. Therefore, we affirm Defendant's sentence but remand for the limited purpose of making the necessary findings to resolve the objections to the PSI.

¶3     Defendant talked his way into the victim's apartment and perpetrated multiple criminal acts against her. The victim escaped Defendant's control, but he tackled her and assaulted her a second time. Defendant was arrested, and multiple charges were brought against him. Pursuant to a plea agreement, he initially pled guilty to attempted object rape and burglary. However, the State stipulated to a withdrawal of that plea. Under a revised plea agreement, Defendant pled guilty to forcible sexual abuse and burglary.

¶4     At sentencing, defense counsel indicated that "[t]here [were] some corrections" to be made to the PSI. She identified six problems with the PSI, arguing that it (1) incorrectly indicated that Defendant had completed probation unsuccessfully more than once; (2) failed to reflect Defendant's completion of high school; (3) did not explain why Defendant was unemployed; (4) properly indicated there was a stable relationship between Defendant and his mother but failed to mention Defendant's positive relationship with his stepfather; (5) did not properly reflect Defendant's attitude and understanding of the severity

---

1. Defendant also argues that defense counsel's performance was unconstitutionally ineffective because she did not affirmatively ask the district court to resolve Defendant's objections to the PSI. In view of our disposition, we need not reach this issue. *See infra* ¶ 11.

and ramifications of his actions and the case; and (6) failed to consider "the specific instances in this case."

¶5     After defense counsel made her explanations, all of which the district court commented upon or at least acknowledged, the district court sentenced Defendant to prison for two concurrent indeterminate terms of one to fifteen years and recommended credit for time served. Defendant appeals.

¶6     The first issue we must consider is whether the district court complied with Utah Code section 77-18-1(6)(a) and adequately resolved Defendant's objections to the PSI on the record. *See* Utah Code Ann. § 77-18-1(6)(a) (LexisNexis 2012). That statute

> requires the sentencing judge to consider the party's objections to the report, make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing.

*State v. Jaeger*, 1999 UT 1, ¶ 44, 973 P.2d 404. So once a defendant alleges factual inaccuracies in a PSI, the district court *must* do three things: first, consider the objection raised; second, make findings on the record regarding the accuracy of the information at issue; and third, determine on the record the relevance of that information as it relates to sentencing. *Id.* Here, the district court fulfilled its first obligation by considering Defendant's objections,[2] but it fell short on its second and third obligations

---

2. The first of Defendant's objections was properly resolved on the record when the district court rejected the challenged summary of Defendant's probation history and, with defense counsel's approval, instead accepted the accuracy of the matter as set forth in the "criminal history" section of the PSI. We

(continued...)

when it failed to indicate on the record its determinations of accuracy and relevance.

¶7 We have previously indicated that "because the statements in [a d]efendant's PSI may be utilized in future settings, such as parole hearings, it is necessary that [a d]efendant's objections be resolved on the record." *State v. Waterfield*, 2011 UT App 27, ¶ 11, 248 P.3d 57. It is for this reason that we must "remand for the limited purpose of resolving Defendant's objections to the PSI that were not adequately addressed on the record by the district court." *Id.*

¶8 Defendant also argues, in essence, that the district court's failure to resolve his objections on the record led to a flawed sentence that must be set aside. We are not convinced that the district court's failure to resolve Defendant's objections requires reversal and resentencing. *Cf. Jaeger*, 1999 UT 1, ¶ 45 (concluding that where error in "failing to properly resolve . . . objections to the [PSI]" did not "require reversal," remand was limited to resolving claimed inaccuracies in the PSI).

¶9 Our review of the record convinces us that the district court accepted the general accuracy of Defendant's corrections for purposes of imposing sentence in this case. Defense counsel called the court's attention to the several concerns and provided great detail as to why Defendant believed the PSI was inaccurate. The State did not disagree with Defendant's

_____

(…continued)
categorically reject the broadly phrased last objection, as the PSI appropriately treated "the specific instances in this case." The remaining four objections were left unresolved. For instance, when defense counsel indicated, "Your Honor, we provided the [high school] diploma there," the court merely acknowledged, "You did."

characterization of the deficiencies at sentencing. Indeed, the prosecutor expressly agreed that Defendant graduated from high school and understood the severity of his crimes. And the district court acknowledged the objections that were raised and actually commented on some of them. Overall, the sentence appears proper in light of the record and the circumstances of the crime.[3]

¶10    We do recognize that even though the sentence was not flawed given that the district court had Defendant's version of the facts before it, the PSI will follow Defendant through the justice system, and it is important to make appropriate corrections to the report. For this reason only, we remand.

¶11    We need not consider Defendant's ineffective assistance of counsel claim in any detail. Defense counsel made a very

---

3. Defendant's concerns with the PSI are minor as compared to those at issue in other cases. Consider *State v. Jaeger*, 1999 UT 1, 973 P.2d 404, where the defendant's objections concerned the PSI's indication that the victim was particularly vulnerable, the injuries caused were unusually extensive, and the defendant's offense was committed with extreme cruelty and depravity. *Id.* ¶ 42. Here, Defendant's relationship with his stepfather, whether he had completed high school, whether he was unemployed for reasons other than being incarcerated, and what to make of his comments expressing remorse as they bore on the ramifications of his actions just did not matter. (As previously noted, the concern about Defendant's probation history was resolved by stipulation. And the concern about a lack of attention to "the specific instances in this case" was simply wide of the mark.) The gravity of Defendant's crimes and his generous plea deal, along with the victim's compelling impact statement, drove the sentence imposed by the district court—not the comparatively minor details fussed about by counsel.

thorough record of Defendant's objections to the PSI. While it is true, considering the nature of PSIs and their tendency to follow defendants, that defense counsel should have asked the district court to make findings on the record addressing the claimed deficiencies, that mistake will be fixed with the limited remand we have ordered and thus is of no consequence.

¶12    For the reasons explained above, Defendant's sentence is affirmed. We remand for resolution of the factual matters in the PSI disputed by Defendant.

——————