**2015 UT App 162**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
TYSON POST,
Defendant and Appellant.

Memorandum Decision
No. 20131152-CA
Filed June 25, 2015

Seventh District Court, Monticello Department
The Honorable Lyle R. Anderson
No. 131700064

Happy J. Morgan, Attorney for Appellant

Sean D. Reyes and Brett J. DelPorto, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and KATE A. TOOMEY concurred.

DAVIS, Judge:

¶1      Tyson Post asserts that the district court exceeded its
discretion in sentencing him. We affirm but remand for the
district court to make additional findings addressing Post's
objections to the presentence investigation report (PSI).

¶2      Post argues that the district court abused its discretion by
not ordering that he receive a substance-abuse screening and
assessment and by sentencing him without resolving alleged
inaccuracies in his PSI. "The sentencing judge has broad
discretion in imposing [a] sentence within the statutory scope
provided by the legislature." *State v. Sotolongo*, 2003 UT App 214,
¶ 3, 73 P.3d 991 (alteration in original) (citation and internal
quotation marks omitted). Thus, "[w]e will not overturn a

sentence unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion." *Id.* (citations and internal quotation marks omitted).

¶3    Post first asserts that the district court abused its discretion by sentencing him without ordering a statutorily required substance-abuse screening and assessment for the purpose of determining whether he might participate in drug court as an alternative to prison. When an offender has been convicted of a felony, the court is required to order that the offender

> (a) participate in a [substance-abuse] screening prior to sentencing;
> (b) participate in an assessment prior to sentencing if the screening indicates an assessment to be appropriate; and
> (c) participate in substance abuse treatment if:
>> (i)  the assessment indicates treatment to be appropriate;
>> (ii) the court finds treatment to be appropriate for the offender; and
>> (iii) the court finds the offender to be an appropriate candidate for community-based supervision.

Utah Code Ann. § 77-18-1.1(2) (LexisNexis 2012). A screening is "a preliminary appraisal" to determine whether "the person is in need of: (A) an assessment; or (B) an educational series."[1] *Id.*

---

1. "'Educational series' means an educational series obtained at a substance abuse program that is approved by the Division of Substance Abuse and Mental Health in accordance with Section

(continued…)

§ 41-6a-501(1)(f) (2014); *see also id.* § 77-18-1.1(1)(c) (2012). An assessment is "an in-depth clinical interview with a licensed mental health therapist" and is "used to determine if a person is in need of: (A) substance abuse treatment that is obtained at a substance abuse program; (B) an educational series; or (C) a combination [of the two]." *Id.* § 41-6a-501(1)(a) (2014); *see also id.* § 77-18-1.1(1)(a) (2012). "The findings from any screening and any assessment conducted under this section shall be part of the [PSI] submitted to the court before sentencing the offender." *Id.* § 77-18-1.1(3).

¶4 Although Post requested that he be screened for drug court at the sentencing hearing, he did not specifically raise the argument he now asserts on appeal, namely, that the district court was statutorily required to order a screening. Thus, his argument is not preserved for appeal. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (indicating that to preserve an argument for appeal, the argument must be "specifically raised" "in such a way that the trial court has an opportunity to rule on that issue" (citations and internal quotation marks omitted)).

¶5 Nevertheless, Post requests that we review his argument for plain error. To prevail on grounds of plain error, an appellant must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993).

¶6 Even assuming that the district court erred in failing to order a screening, we cannot say that the error was obvious. The

---

(…continued)
62A-15-105" of the Utah Code. Utah Code Ann. § 41-6a-501(1)(d) (LexisNexis 2014).

PSI addressed Post's substance abuse and indicated that he had previously "received an alcohol and drug abuse assessment and refused to return to receive further treatment." From this, the district court could have reasonably concluded that a screening and assessment had already been conducted.[2] Furthermore, Post has failed to explain why the PSI itself, even without taking the reported assessment into consideration, did not constitute a "screening" as defined in the statute. While an assessment must be conducted by a licensed mental health therapist, the statute is silent as to who may conduct a screening. Here, the PSI investigator addressed Post's substance-abuse history and concluded that Post had "no desire to return for further treatment" and that he "appear[ed] to underestimate the severity of his alcohol use and the threat that he is to the people he is around when he is under the influence." The investigator concluded that Post's "lackadaisical attitude" about his substance abuse, as well as his lack of "remorse for his actions in the current offense," made him unamenable to "supervision in a less restrictive setting." Post has failed to explain why this screening, which appears to reject the need for a further assessment, did not comply with the requirements of the statute. Under the circumstances, we cannot conclude that the district court plainly erred by declining to order that Post undergo additional substance-abuse screening.[3]

---

2. The PSI contains no detail regarding the substance-abuse assessment beyond Post's own report that he had been prescribed anti-anxiety medication, that he had stopped taking the medication, and that he had "no desire to go back to the doctor to obtain more."

3. Post also takes issue with the district court's statement, "I don't think that having him be in drug court down here when he has as much of his family and his history up in the Uintah Basin is . . . going to be a practical solution to this situation." Post

(continued…)

¶7     Post next asserts that the district court failed to follow statutory procedures for evaluating alleged inaccuracies in the PSI. When alleged inaccuracies in a PSI cannot be resolved with the Department of Corrections, the district court is required to "make a determination of relevance and accuracy on the record." Utah Code Ann. § 77-18-1(6)(a) (LexisNexis Supp. 2014). In doing so, "the district court *must* do three things: first, consider the objection raised; second, make findings on the record regarding the accuracy of the information at issue; and third, determine on the record the relevance of that information as it relates to sentencing." *State v. Monroe*, 2015 UT App 48, ¶ 6, 345 P.3d 755. "Whether the trial court properly complied with [its] legal duty [to resolve inaccuracies in a PSI] is a question of law that we review for correctness." *See State v. Veteto*, 2000 UT 62, ¶ 13, 6 P.3d 1133.

¶8     At sentencing, Post challenged the PSI's report of his criminal history and its assertions that he becomes violent and dangerous when intoxicated, that his employment history and skills were limited, that he did not desire to receive drug treatment, and that he did not desire to work. We do not consider the district court's resolution of these objections to have fully complied with its duty to resolve alleged inaccuracies in the PSI. Although the court did adequately address some of

---

(…continued)

argues that this was not a reasonable basis for denying him access to drug court and that it suggests unconstitutional discrimination against him based on the fact that he and his family are Native Americans who have lived on an Indian reservation. Post did not raise this objection in the district court, and there is nothing in the district court's statement to suggest that its concern related to anything other than Post's ability to receive family support while participating in drug court. Thus, we decline to consider this argument further.

Post's objections, it gave short shrift to others. Additionally, the court does not appear to have made any findings regarding the relevance of the challenged information to its sentencing decision.

¶9    With respect to Post's objections to the PSI's criminal history assessment, the court's accuracy findings are adequate. The court addressed each of the misdemeanors identified in the PSI and gave Post the opportunity to explain his view of the charges and convictions. Although Post could have requested a continuance to resolve the inconsistencies with the Department of Corrections, *see* Utah Code Ann. § 77-18-1(6)(a), he instead presented incomplete information regarding the charges, indicating that he could not remember how most of the charges were resolved. Based on court records indicating that Post had been convicted of two misdemeanors in Cedar City and Post's testimony that he forfeited bail in a Nevada case in order to avoid returning for court, the court found that "there are at least two misdemeanor convictions[4] . . . [;] the one in Cedar City and then the one in Mesquite, Nevada appear to be convictions."[5] These findings adequately resolved Post's challenge to the accuracy of the criminal history.

¶10    On the other hand, the district court did not specifically examine the other inaccuracies Post alleged and declined to give Post the opportunity to refute the PSI's determinations, simply finding that the disputes had "to do with change of attitudes on [Post's] part from the time he spoke to the [investigating] officer

---

4. This is consistent with the PSI's report of two to four prior misdemeanor convictions, which resulted in an assessment of two points on the criminal history matrix.

5. Although the record from Cedar City indicated that Post had been convicted of two misdemeanors, the district court referred to only one Cedar City misdemeanor conviction in its findings.

until today." This finding may have been adequate with respect to the PSI's determinations that Post was unwilling to work or receive drug treatment, since these determinations were based on the PSI's subjective assessment of Post's attitude at the time of his interview.[6] However, Post's employment history and skills and whether he has a tendency to become violent when intoxicated cannot be so subjectively assessed. Thus, Post should have been given an opportunity to explain to the district court why these findings in the PSI were objectively inaccurate, and the district court should have made explicit findings regarding accuracy and relevance.

¶11 A district court's failure to fully resolve a defendant's objections to a PSI does not necessarily require reversal of the defendant's sentence. *See State v. Jaeger*, 1999 UT 1, ¶ 45, 973 P.2d 404. If the defendant "does not contend that [the] error affected his sentence, . . . the proper remedy is to remand [the] case to the trial court with instructions that it expressly resolve [the defendant's] objections" on the record in compliance with section 77-18-1(6)(a) of the Utah Code.[7] *See id.* Although Post requests that we reverse his sentence, he fails to explain how

---

6. While we cannot say that the court's finding was necessarily inadequate with respect to these particular portions of the PSI, the district court would not be remiss in addressing these objections in greater detail on remand—particularly Post's assertion that the PSI investigator misinterpreted Post's stated disinterest in taking anti-anxiety medication as a disinterest in participating in drug treatment.

7. Even where inaccuracies in a PSI do not affect a defendant's sentence, "it is necessary that [the d]efendant's objections be resolved on the record" "because the statements in [a d]efendant's PSI may be utilized in future settings, such as parole hearings." *State v. Waterfield*, 2011 UT App 27, ¶ 11, 248 P.3d 57.

resolution of the alleged errors in his favor might have affected the outcome of his sentence.[8] *Cf. State v. Waterfield*, 2011 UT App 27, ¶¶ 10–11, 248 P.3d 57 (remanding for the district court to resolve alleged inaccuracies in a defendant's PSI but affirming the defendant's sentence where the defendant inadequately briefed his argument that he was prejudiced by the district court's failure to resolve the alleged inaccuracies). Thus, "we remand for the limited purpose of resolving [Post's] objections to the PSI that were not adequately addressed on the record by the district court." *See id.* ¶ 11. We otherwise affirm Post's sentence.

------

8. Post does suggest that a finding that he was convicted of only one misdemeanor offense or that his offenses were nonviolent would put him in a lower sentencing matrix. However, the district court found that Post had at least two misdemeanor convictions, one of which—the Mesquite, Nevada conviction—involved violence. Because the district court made adequate findings regarding the accuracy of the PSI's criminal history report, Post has not demonstrated that he was prejudiced by any alleged inaccuracies in the PSI.