**2015 UT App 257**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
LEVI POTTER,
Appellant.

Memorandum Decision
No. 20140765-CA
Filed October 16, 2015

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 141400105

Emily Adams, Attorney for Appellant

Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES MICHELE M. CHRISTIANSEN and KATE A. TOOMEY
concurred.

ORME, Judge:

¶1      Appellant Levi Potter (Defendant) pled guilty to seven felony charges—five counts of voyeurism, one count of unlawful sexual conduct with a sixteen- or seventeen-year-old, and one count of dealing in material harmful to a minor. He was sentenced to prison for those crimes. Defendant now appeals, arguing that his defense counsel was ineffective for failing to correct an alleged error in his presentence investigation report (PSI). Because Defendant has failed to demonstrate that he suffered prejudice as a result of this alleged error, we affirm.

¶2      When Defendant was twenty-seven years old, he had sexual intercourse with a sixteen-year-old girl on at least three

occasions. He and the victim also engaged in oral sex twice. Defendant encouraged the victim to send him sexually explicit pictures of herself, which she did. When police ultimately searched Defendant's phone, they discovered more than twenty of these pictures. Defendant had also texted at least five sexually explicit pictures of himself to the victim.

¶3 The State charged Defendant with twenty crimes, including five counts of unlawful sexual conduct with a sixteen- or seventeen-year-old, five counts of dealing in material harmful to a minor, and ten counts of sexual exploitation of a minor. Pursuant to an agreement with the State, Defendant pled guilty to five counts of voyeurism, all second degree felonies; one count of unlawful conduct with a sixteen- or seventeen-year-old, a third degree felony; and one count of dealing in material harmful to a minor, a third degree felony. *See* Utah Code Ann. §§ 76-9-702.7(3), 76-5-401.2, 76-10-1206(2)(a) (LexisNexis 2012).

¶4 Before sentencing, Adult Probation and Parole (AP&P) prepared a PSI, which included a sex offender matrix. According to the matrix, the estimated sentence for Defendant's second degree felonies was forty-eight months. And while the matrix indicated that Defendant's sentence might be either probation or prison, AP&P recommended prison. This recommendation was based, in part, on "[D]efendant's attitude and lack [of] responsibility." Defense counsel argued that he should instead be sentenced to probation because Defendant had "a minimal record" and had "never been on supervised probation before." The State disagreed with defense counsel's recommendation of probation, arguing that Defendant had taken advantage of a vulnerable child in the commission of his crimes. The State further pointed out that all felonies carry a potential prison sentence and that such a sentence seemed appropriate in this case.

¶5 The district court considered these arguments, heard from Defendant directly, and then explained its "view of the case."

The court agreed with defense counsel that Defendant's position on the matrix presented an "either/or proposition": either Defendant could be sentenced to prison or he could be placed on probation. And if Defendant's only crimes had been the exchange of "a couple of" explicit pictures, the district court noted that it would have been "more inclined to go with the probation route." But the district court stated that it had "to consider the totality of the circumstances," which included Defendant's admission to "kind of an ongoing sexual relationship" with the victim. The court therefore determined "that the recommendation of AP&P under the circumstances [was] appropriate" and sentenced Defendant to prison.

¶6 Defendant timely appealed and, with the assistance of new counsel on appeal, argues that his criminal-history score, as presented in the PSI, was incorrect.[1] He asserts that he erroneously received one point for "Violence History" and that this one point moved him up one row on the matrix, effectively moving him from a sentencing guideline of probation to the "either/or proposition" referenced by the district court. Because, Defendant argues, defense counsel failed to "inform the district court of the miscalculation," he seeks to remedy the problem through an ineffective-assistance-of-counsel claim. "An

---

1. Along with his opening brief, Defendant filed a motion "to remand this case for findings necessary to determine whether [defense] counsel was ineffective." *See* Utah R. App. P. 23B. Defendant argues that such a remand is necessary because "the record lacks information about what [defense] counsel knew of the inaccuracies in [Defendant's] PSI." Because we determine that Defendant's ineffective-assistance claim would fail for lack of prejudice, even assuming defense counsel performed deficiently, *see infra* ¶¶ 9–11, remand is unnecessary and would not affect the disposition of this appeal. Defendant's motion is therefore denied.

ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

¶7    To succeed on his ineffective-assistance claim, Defendant is required to prove "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In the event it is 'easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,' we will do so without analyzing whether counsel's performance was professionally unreasonable." *Archuleta v. Galetka*, 2011 UT 73, ¶ 41, 267 P.3d 232 (quoting *Strickland*, 466 U.S. at 697).

¶8    To show prejudice in this case, "Defendant must demonstrate 'a reasonable probability that'" if defense counsel had objected to the PSI, his sentence would have been different. *See State v. Millard*, 2010 UT App 355, ¶ 14, 246 P.3d 151 (quoting *State v. Vos*, 2007 UT App 215, ¶ 12, 164 P.3d 1258). Defendant argues that his sentence would have been different if defense counsel had alerted the district court to the alleged calculation error. This is so, he argues, because "his guidelines sentence was eight months longer with the recommendation for imprisonment or probation" than it would have been if his criminal-history score had been one point lower, moving him to a matrix box where probation is suggested as the appropriate sentence.[2] But

---

2. Defendant also briefly argues that the alleged error caused him prejudice because "[a]n incorrect PSI could have long-term ramifications for [Defendant] and could affect his parole." While his general concern is valid, it does not warrant reversal and remand, but it may be properly dealt with by the district court. *See infra* note 3.

this assertion does not meet Defendant's burden of demonstrating prejudice.

¶9    Even assuming that the violence-history point was erroneously added to Defendant's criminal-history score, we conclude that Defendant was not prejudiced. The district court's stated rationale for ordering prison over probation indicates that in making its sentencing determinations, the court was in no way focused on the criminal-history score. Instead, it imposed the sentence it did based on the specific factual circumstances of this case. The district court explained its "view of the case," including why it decided that probation was inappropriate. Defendant does not argue that this was an abuse of discretion, nor does he establish that the sentencing decision was dependent on his criminal-history score. Thus, Defendant's ineffective-assistance claim fails because he does not demonstrate that the alleged error—a criminal-history score that was one point too high—caused him prejudice in the form of a more severe sentence. *See State v. Jimenez*, 2012 UT 41, ¶ 1, 284 P.3d 640.

¶10    We note that the district court would have been within its discretion to sentence Defendant to prison even if he had received a lower criminal-history score. Our case law is replete with opinions affirming the decisions of district courts imposing prison sentences in the sound exercise of their discretion, even when probation is recommended. *See, e.g.*, *State v. Ashcraft*, 2014 UT App 253, ¶ 6 n.3, 338 P.3d 247 (affirming a prison sentence where probation was recommended under the sentencing guidelines but AP&P had recommended prison); *State v. Goodluck*, 2013 UT App 263, ¶ 3, 315 P.3d 1051 (per curiam) (affirming a prison sentence where the PSI recommended probation, because the sentencing judge determined that such a recommendation was inconsistent with the content of the PSI). Thus, the biggest impediment to Defendant's challenge on appeal is that, given a sentencing court's "wide latitude and

discretion in sentencing," *see State v. Woodland*, 945 P.2d 665, 671 (Utah 1997), his sentence would have been the same regardless of his criminal-history score and the associated guidelines recommendation. This conclusion is amply supported by the grounds outlined by the district court in sentencing Defendant to prison, which, as explained above, focused on the disturbing facts of his offenses and not his criminal history.

¶11 A successful ineffective-assistance claim requires a demonstration of prejudice. Because the district court's sentencing decision did not turn on Defendant's criminal-history score, it matters not whether that score was incorrect, and Defendant therefore has not made, and indeed cannot make, a showing of prejudice.

¶12 Affirmed.[3]

───────────

───────────

3. Our affirmance is without prejudice to the district court's opportunity, on appropriate application, to correct any misstatements in Defendant's PSI. *See generally State v. Post*, 2015 UT App 162, 354 P.3d 810; *State v. Monroe*, 2015 UT App 48, 345 P.3d 755.