**2016 UT App 226**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOHN JACOB SAMULSKI,
Appellant.

Opinion
No. 20150178-CA
Filed November 17, 2016

Second District Court, Farmington Department
The Honorable Thomas L. Kay
No. 141701346

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN concurred.

TOOMEY, Judge:

¶1     In this appeal, John Jacob Samulski challenges his prison sentence by alleging the district court erred in failing first, to recognize a breach of the plea agreement, and second, to address errors in the presentence investigation report. In addition, Samulski raises an ineffective-assistance-of-counsel claim. We hold there was no breach of the plea agreement or ineffective assistance of counsel, but we remand for the limited purpose of resolving Samulski's objections to the presentence investigation report.

## BACKGROUND

¶2    Samulski was charged with domestic violence against his ex-girlfriend. After receiving documents related to this charge, Samulski went to his ex-girlfriend's house and threatened her. Samulski was later arrested. During a search in connection with that arrest, the police found a knife Samulski was not permitted to carry due to his status as a convicted felon. The State charged Samulski with tampering with a witness, a third degree felony, and possession of a dangerous weapon by a restricted person, a class A misdemeanor. *See* Utah Code Ann. §§ 76-8-508(1), 76-10-503(3)(b) (LexisNexis 2012 & Supp. 2016). The tampering-with-a-witness charge was later amended to a retaliation-against-a-witness charge, also a third degree felony. *See id.* § 76-8-508.3 (2012).

¶3    After plea negotiations, Samulski agreed to plead guilty to the retaliation felony in exchange for the State's dismissal of the misdemeanor charge, the recommendation that Samulski receive "no prison time" for his conviction, and the reduction of the retaliation felony to a misdemeanor if there were "no further violations of law."

¶4    The district court requested a presentence investigation report (PSI). Adult Probation and Parole (AP&P) filed a PSI addendum on February 10, 2015, with a copy of an earlier PSI dated December 27, 2012.[1] AP&P recommended "prison commitment."

---

1. The December 2012 PSI was completed for different charges. The PSI addendum for the charges in this case indicates that the "addendum does not constitute a complete report without the attached presentence/postsentence report." Thus, both reports together constitute the PSI for purposes of this case.

¶5 The court held a sentencing hearing on February 12, 2015. At the beginning of the hearing, defense counsel indicated there were corrections to be made to the PSI, including Samulski's proper address, source of income, and ability to pay taxes. Additionally, defense counsel objected that the PSI erroneously indicated that Samulski had a drug addiction and was a gang member.[2] The court acknowledged each proposed correction by commenting, "Okay."

¶6 After hearing from defense counsel, the court asked for the State's response. The prosecutor noted that he was "bound by what's in the plea agreement," but pointed out that "the victim is here, and . . . it's my understanding that she is on board with AP&P's recommendation and supports the prison sentence." The prosecutor also stated that the court "has the ability to do whatever it pleases."

¶7 Defense counsel expressed concern that the prosecutor was "stepping away from [the] stipulated sentence." The prosecutor then qualified his prior remarks by stating that he had only conveyed the victim's recommendation, but he also reiterated that he was bound by the plea agreement. In response, the court explained that it was not bound by the agreement and that nothing the prosecutor said had changed its view. The court sentenced Samulski to prison for "an indeterminate term of zero to five years." Samulski appeals.

ISSUES AND STANDARDS OF REVIEW

¶8 First, Samulski contends the court erred by failing to recognize a breach of the plea agreement because "the

---

2. Defense counsel made this clarification but did not ask that the information be struck.

prosecutor's comments at sentencing constituted a recommendation or plea for the imposition of prison time." Samulski's "failure to preserve this claim results in our reviewing it for plain error." *State v. Diaz*, 2002 UT App 288, ¶ 11, 55 P.3d 1131.

¶9 Second, Samulski alleges the court erred by failing to consider and resolve his objections to the PSI. "Whether the trial court properly complied with a legal duty to resolve on the record the accuracy of contested information in sentencing reports is a question of law that we review for correctness." *State v. Scott*, 2008 UT App 68, ¶ 5, 180 P.3d 774 (citation and internal quotation marks omitted).

¶10 Third, Samulski claims that by failing "to articulate a proper objection regarding the breach" and not affirmatively requesting resolution of the PSI concerns, defense counsel "deprived [him] of his Sixth Amendment right to the effective assistance of counsel." "We review claims of ineffective assistance of counsel raised for the first time on appeal for correctness." *State v. Jaramillo*, 2016 UT App 70, ¶ 24, 372 P.3d 34 (citation and internal quotation marks omitted).

ANALYSIS

I. The District Court Did Not Err Because There Was No Breach
of the Plea Agreement.

¶11 Samulski contends the "court erred by failing to recognize that the prosecutor had breached the stipulated plea agreement by recommending prison." Because Samulski did not raise this issue below, it is unpreserved. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (requiring that an issue "be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue" in order to be preserved). "The mere mention of an issue without introducing supporting

evidence or relevant legal authority does not preserve that issue for appeal." *State v. Brown*, 856 P.2d 358, 361 (Utah Ct. App. 1993) (citation and internal quotation marks omitted). Accordingly, we review this issue for plain error. *See Diaz*, 2002 UT App 288, ¶ 11.

¶12 "To demonstrate plain error, a defendant must establish that (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful." *State v. Saenz*, 2016 UT App 69, ¶ 8, 370 P.3d 1278 (citation and internal quotation marks omitted). Here, Samulski "must prove that the State actually breached the plea agreement, that the breach should have been obvious to the district court, and that had the district court recognized and remedied the breach, there is a reasonable likelihood that [his] sentence would have been more favorable." *State v. Gray*, 2016 UT App 87, ¶ 15, 372 P.3d 715.

¶13 Whether the court erred in failing to recognize a breach of the plea agreement depends on whether a breach occurred. A plea agreement is breached when the State fails to act in accord with its promise. *See State v. Lindsey*, 2014 UT App 288, ¶ 16, 340 P.3d 176 ("'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" (quoting *State v. Garfield*, 662 P.2d 129, 130 (Utah 1976)); *see also United States v. Burke*, 633 F.3d 984, 994 (10th Cir. 2011) (holding that the government did not breach a plea agreement because it "complied with its end of the contractual bargain"); *State v. Monson*, 2016 UT App 1, ¶ 16, 365 P.3d 1234 (determining the State did not breach the plea agreement because the "State kept [its] promise"); *State v. Hale*, 2005 UT App 305 (concluding the State did not breach the plea agreement because the State did what it agreed to do). In addition, "[w]hen a defendant alleges that the State violated a plea agreement by making inappropriate statements at sentencing . . . , we consider the prosecutor's statements in the context of the entire hearing."

*State v. Gray*, 2016 UT App 87, ¶ 16, 372 P.3d 715 (citation and internal quotation marks omitted).

¶14 Here, there is no error because there was no breach. In the plea agreement the State agreed that in exchange for a guilty plea to retaliation against a witness, it would dismiss the second charge of possession of a dangerous weapon by a restricted person, recommend that there would be no prison time, and reduce the retaliation felony to a misdemeanor on the condition that Samulski successfully complete probation without further violations of law.

¶15 Although the prosecutor accurately observed that AP&P and the victim supported a prison sentence, the statements do not rise to a level of breach. We acknowledge that these statements may have, to some extent, undermined the force or weight of the recommendation. Nevertheless, the prosecutor also maintained that the "[plea agreement] was a recommendation for no prison," affirming three times that the State was bound by the agreement. By confirming that it had stipulated to recommend "no prison time," and by repeatedly acknowledging the State's obligation to abide by the agreement, the State fulfilled its contractual obligations. "If the prosecutor promises to recommend a certain sentence and does so, []he has not breached the bargain by also bringing all relevant facts to the attention of the court." *State v. Shaffer*, 2010 UT App 240, ¶ 26, 239 P.3d 285 (citation and internal quotation marks omitted). In "the context of the hearing as a whole," the "statement[s] did not undermine the recommendation so as to constitute a plain breach of the plea agreement." *Gray*, 2016 UT App 87, ¶¶ 16–17. "And even assuming the prosecutor's statement[s] transgressed, any breach would not have been obvious to the district court." *Id.* ¶ 17.

¶16 Because there was no breach of the plea agreement, we conclude the district court did not err.

## II. The District Court Failed to Sufficiently Resolve Samulski's Objections to the PSI.

¶17 Samulski also contends "the court failed to duly consider and resolve" inaccuracies contained in the PSI. "Any alleged inaccuracies in the presentence investigation report, which have not been resolved by the parties and the department prior to sentencing, shall be brought to the attention of the sentencing judge . . . ." Utah Code Ann. § 77-18-1(6)(a) (LexisNexis 2012). Our supreme court has explained that "section 77-18-1(6)(a) requires the sentencing judge to consider the party's objections to the report, make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing." *State v. Jaeger*, 1999 UT 1, ¶ 44, 973 P.2d 404. Making "findings on the record" requires more than accepting corrections to the PSI; rather, the court must enter specific findings of fact resolving the objections. *Compare State v. Waterfield*, 2011 UT App 27, ¶ 9, 248 P.3d 57 (concluding that the "district court's statement that it would accept" corrections to the PSI raised by the defendant "did not satisfy its duty to resolve objections to the PSI on the record" (alteration and internal quotation marks omitted), *with State v. Veteto*, 2000 UT 62, ¶ 15, 6 P.3d 1133 (stating that the statute mandates the trial court "to make specific findings on the record").

¶18 In this case, Samulski challenged the accuracy of some of the information in the PSI, including his address, income, ability to pay taxes, drug dependency, and gang affiliation. These objections were not sufficiently addressed with findings. The district court acknowledged the objections and stated, "Okay," but failed to make any determinations on the record. This does not satisfy the statutory duty imposed by section 77-18-1(6)(a). "[B]ecause the statements in [a defendant's] PSI may be utilized in future settings, such as parole hearings, it is necessary that

[the defendant's] objections be resolved on the record." *Waterfield*, 2011 UT App 27, ¶ 11.

¶19 Nevertheless, we are not persuaded that the court's failure to adequately resolve the objections to the PSI on the record negatively affected Samulski's sentence. Indeed, it appears that the district court accepted Samulski's corrections to the PSI for sentencing purposes. We therefore uphold Samulski's sentence but "remand for the limited purpose of resolving [his] objections to the PSI that were not adequately addressed on the record by the district court." *Id.*

III. Samulski Did Not Receive Ineffective Assistance of Counsel.

¶20 Finally, Samulski asserts that he received ineffective assistance of counsel, depriving him of his Sixth Amendment right to representation. "To succeed on his ineffective-assistance claim, [a defendant] is required to prove 'that counsel's representation fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Potter*, 2015 UT App 257, ¶ 7, 361 P.3d 152 (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). "Because failure to establish either prong of the test is fatal to an ineffective assistance of counsel claim," *Honie v. State*, 2014 UT 19, ¶ 31, 342 P.3d 182, "a reviewing court can dispose of an ineffectiveness claim on either ground," *State v. Bair*, 2012 UT App 106, ¶ 49, 275 P.3d 1050 (citation and internal quotation marks omitted).

¶21 Samulski first claims he received ineffective assistance of counsel when his defense attorney failed "to articulate a proper objection regarding the breach." Because we have determined that there was no breach of the plea agreement, counsel's failure to object was objectively reasonable. *See State v. Christensen*, 2014 UT App 166, ¶ 10, 331 P.3d 1128 ("The failure to raise futile

objections does not constitute ineffective assistance of counsel." (citation and internal quotation marks omitted)).

¶22 Next, Samulski claims that "[b]y failing to request that the sentencing court exercise its fact finding function to resolve the inaccuracies in the [PSI], trial counsel rendered ineffective assistance of counsel." Samulski contends that if counsel had requested that the court resolve the PSI inaccuracies, it "would have allowed the sentencing court to more fully and accurately consider the options for ultimately imposing sentence."

¶23 In this case, defense counsel made objections on the record to inaccuracies in the PSI. While defense counsel should have gone one step further and asked the district court to make specific findings on the record, "that mistake will be fixed with the limited remand we have ordered and thus is of no consequence." *See State v. Monroe*, 2015 UT App 48, ¶ 11, 345 P.3d 755.

CONCLUSION

¶24 We conclude there was no breach of the plea agreement and Samulski has not shown ineffective assistance of counsel. We remand for the limited purpose of resolving Samulski's objections to the PSI and affirm in all other respects.

———————