**2017 UT App 178**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MICHAEL SHAUN IREY,
Appellant.

Per Curiam Opinion
No. 20160815-CA
Filed September 21, 2017

Fourth District Court, Provo Department
The Honorable Samuel D. McVey
No. 161401074

Emily Adams, Attorney for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, JILL M. POHLMAN, and DIANA HAGEN.

PER CURIAM:

¶1 Appellant Michael Shaun Irey appeals his sentence to concurrent prison terms of five-years-to-life on his conviction for operation or possession of a clandestine laboratory, a first degree felony, zero-to-five years on his conviction for distribution of a controlled substance, a third degree felony, and zero-to-365 days on his conviction for attempted aggravated assault, a class A misdemeanor.

¶2 We review sentencing decisions for an abuse of discretion, *State v. Neilson*, 2017 UT App 7, ¶ 15, 391 P.3d 398, and we will find abuse only "if it can be said that no reasonable [person] would take the view adopted by the [sentencing] court," *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167 (first alteration

in original) (citation and internal quotation marks omitted). A district court has broad discretion in deciding whether to order probation, because the "granting or withholding of probation involves considering intangibles of character, personality and attitude." *State v. Rhodes*, 818 P.2d 1048, 1049 (Utah Ct. App. 1991) (citation and internal quotation marks omitted). "The defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *Id.* at 1051.

¶3    Irey raises two claims on appeal. First, he contends that the district court failed to satisfy its statutory obligation under Utah Code section 77-18-1(6)(a) to resolve alleged inaccuracies in the presentence investigation report (PSI). *See* Utah Code Ann. § 77-18-1(6)(a) (LexisNexis Supp. 2016). Second, he contends that the district court abused its discretion in sentencing him to prison rather than granting him probation. The State concedes that the district court failed to resolve alleged inaccuracies in the PSI and that this case should be remanded for the limited purpose of resolving the alleged inaccuracies. However, the State also contends that Irey's sentence should be affirmed because the inaccuracies in need of correction were brought to the district court's attention at the time of sentencing.

¶4    At sentencing, Irey's counsel noted that the PSI incorrectly stated that Irey had an extensive history of substance abuse related arrests. Defense counsel also claimed that the PSI incorrectly stated that Irey had three probations that were terminated unsuccessfully, while elsewhere stating that Irey had "no history of previous supervised probation on record as an adult." The PSI included no statements regarding the duration or outcome of any juvenile probation. Defense counsel also took issue with the PSI's assessment of Irey's attitude and lack of remorse. The district court asked if Irey wanted a new PSI "because there are obviously a couple of errors in here." However, defense counsel declined, asking to "go forward with this report given the fact that [counsel had] made the

corrections." The State also agreed on the record that the score for Irey's criminal history in the sentencing recommendation should be reduced from "one" to "zero."

¶5 "Whether the trial court properly complied with a legal duty to resolve on the record the accuracy of contested information in sentencing reports is a question of law that we review for correctness." *State v. Samulski*, 2016 UT App 226, ¶ 9, 387 P.3d 595 (citation and internal quotation marks omitted). The State agrees that this case should be remanded for the limited purpose of resolving alleged inaccuracies in the PSI. While the district court considered and acknowledged Irey's objections at sentencing, the district court did not indicate on the record its determinations of accuracy and relevance. Because "the PSI will follow [Irey] through the justice system . . . it is important to make appropriate corrections to the report." *State v. Monroe*, 2015 UT App 48, ¶ 10, 345 P.3d 755. Accordingly, a limited remand is necessary to allow the district court to resolve that issue.

¶6 Although we agree that Irey's objections were not adequately resolved on the record, we conclude that the district court properly considered the objections before it sentenced Irey. *See id.* ¶ 8 ("We are not convinced that the district court's failure to resolve Defendant's objections requires reversal and resentencing."). The record reflects that the district court "accepted the general accuracy of [the] corrections for purposes of imposing sentence." *Id.* ¶ 9. There is no indication in the record that the district court relied on the allegedly inaccurate information at sentencing. Furthermore, Irey does not specifically argue that the inaccuracies in the PSI prejudiced him in sentencing, although Irey does argue that this court should not affirm his sentence on other grounds.

¶7 The district court identified two aggravating circumstances: unusually extensive property damage—in the approximate amount of $90,000—as a result of a fire caused by Irey's operation of a clandestine lab and Irey's threatening a potential drug purchaser with a gun. The district court identified

the mitigating circumstance that Irey was a fairly youthful offender. Based upon the information before it, including the inaccuracies in the PSI brought to the court's attention, the district court concluded that Irey was not an appropriate candidate for probation.

¶8    Irey argues that the district court abused its discretion by failing to adequately weigh aggravating and mitigating circumstances.[1] A defendant in a criminal case "is not entitled to probation." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991). An appellate court will not overturn the denial of probation unless it is "clear that the actions of the judge were so inherently unfair as to constitute an abuse of discretion." *Id.* (emphasis omitted) (citation and internal quotation marks omitted*)*. Irey has not demonstrated that the district court's decision to sentence him to the statutory prison term was inherently unfair. His argument essentially "amounts to a disagreement with how the sentencing court weighed aggravating and mitigating factors. As we have previously stated, this is insufficient to demonstrate an abuse of discretion." *State v. Alvarez*, 2017 UT App 145, ¶ 6.

¶9    We remand for the limited purpose of resolving Irey's objections to the PSI and affirm in all other respects. *See Samulski*, 2016 UT App 226, ¶ 24.

_____

1. Irey's reliance on *State v. Moreno*, 2005 UT App 200, 113 P.3d 992, for the proposition that the sentencing court was required to state on the record how it weighed aggravating and mitigating circumstances is misplaced. *Moreno* addressed a statutory requirement to state the rationale for imposing the lesser or greater of three statutory minimum mandatory terms prescribed by statute for the offense involved in that case. *Id.* ¶ 9. That situation is not present in Irey's case.